UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| DREW A. GILLHAM, | |
| Petitioner, | Civil Action No. 09-83-HRW |
| v. | |
| E.K. CAULEY, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Drew A. Gillham is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Gillham has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and paid the $5 filing fee. Having reviewed the petition,[1] the Court will deny relief because the claims Gillham asserts may not be pursued in a habeas corpus petition under Section 2241.

In 2008, Gillham was convicted of tax evasion in violation of 26 U.S.C. § 7201 and obstruction of the internal revenue laws in violation of 26 U.S.C. § 7212, and was sentenced to a 78-month term of incarceration. Before the trial court and on direct appeal to the Sixth Circuit, Gillham argued that the district court lacked jurisdiction over the case because there was not a properly-issued indictment by a grand jury or a warrant issued under oath as required by the Fourth Amendment. Both courts rejected this claim as refuted by the record and contrary to the law.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

*United States v. Gillham*, 06-CR-57, Southern District of Ohio [R. 22-24, 25, 36, 87 therein]. Gillham reiterates the same argument in his present petition, that "[n]o properly endorsed charging instrument was ever issued by a Grand Jury therefore, the following actions by government were taken against me without jurisdiction and were ultra vires: ... A) Arrest and warrant in support of..." [R. 2 at pg. 6]

The Court will deny the petition because Gillham may not assert this claim in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affect the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-

conviction motion under Section 2255 and was denied relief.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Gillham's claims - which challenge the constitutional sufficiency of the grand jury indictment and arrest warrant - do not fall within this exception.  His allegations relate to the validity of the charging instruments used to bring him to trial, matters which could have been and indeed were asserted during his criminal trial and direct appeal.  Because these claims, even if meritorious, did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241.  *Bousley v. United States*, 523 U.S. 614, 620 (1998).  His petition will be denied.

Accordingly, **IT IS ORDERED** that:

1. Gillham's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This October 5, 2009.



Signed By:
Henry R Wilhoit Jr.
United States District Judge